**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1766**

─────────────

In re:  COMPLAINT OF WILSON YACHTS, LLC AS OWNER OF A 38-FOOT
SAILING CATAMARAN, KNOWN AS THE S/Y SEVEN DAY WEEKEND
OFFICIAL NUMBER 1275474 FOR EXONERATION FROM OR LIMITATION
OF LIABILITY.

-------------------------------

WILSON YACHTS, LLC,

            Plaintiff,

      v.

JAMES S. ATSRIKU, Individually and as administrator of the estate of Jerry S.
Atsriku; FELICIA ATSRIKU, nee Felicia Oborgor; JOSEPH ATSRIKU,

            Claimants and Third-Party Plaintiffs- Appellants,

      v.

SAIL AWAY, LLC,

            Third Party Defendant – Appellee,

STEVEN MICHAEL COFFMAN,

            Third Party Defendant.

─────────────

**No. 22-1768**

─────────────

In re: COMPLAINT OF WILSON YACHTS, LLC AS OWNER OF A 38-FOOT SAILING CATAMARAN, KNOWN AS THE S/Y SEVEN DAY WEEKEND OFFICIAL NUMBER 1275474 FOR EXONERATION FROM OR LIMITATION OF LIABILITY.

------------------------------

WILSON YACHTS, LLC,

        Plaintiff,

    v.

JAMES S. ATSRIKU,

        Claimant and Third-Party Plaintiff – Appellant,

   and

FELICIA ATSRIKU, nee Felicia Oborgor; JOSEPH ATSRIKU,

        Claimants and Third-Party Plaintiffs,

    v.

STEVEN MICHAEL COFFMAN,

        Third Party Defendant – Appellee,

SAIL AWAY, LLC,

        Third Party Defendant.

**No. 22-1769**

2

In re:  COMPLAINT OF WILSON YACHTS, LLC AS OWNER OF A 38-FOOT SAILING CATAMARAN, KNOWN AS THE S/Y SEVEN DAY WEEKEND OFFICIAL NUMBER 1275474 FOR EXONERATION FROM OR LIMITATION OF LIABILITY.

------------------------------

WILSON YACHTS, LLC,

             Plaintiff – Appellee,

        v.

JAMES S. ATSRIKU, Individually and as administrator of the estate of Jerry S. Atsriku; FELICIA ATSRIKU, nee Felicia Oborgor; JOSEPH ATSRIKU,

             Claimants and Third-Party Plaintiffs – Appellants,

        v.

SAIL AWAY, LLC; STEVEN MICHAEL COFFMAN,

             Third Party Defendants.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:20-cv-03452-JRR)

---

Argued:  December 8, 2023                          Decided:  March 19, 2024

---

Before KING and HARRIS, Circuit Judges, and Rossie D. ALSTON, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

3

**ARGUED:** Arnold I. Berschler, BERSCHLER ASSOCIATES PC, San Francisco, California, for Appellants. Todd D. Lochner, LOCHNER LAW FIRM PC, Annapolis, Maryland; Margaret Fonshell Ward, DOWNS WARD BENDER HERZOG & KINTIGH, P.A., Hunt Valley, Maryland, for Appellees. **ON BRIEF:** Stephen Barnie Freeman, S.B. FREEMAN LAW GROUP, LLC, Brunswick, Maryland, for Appellants. Robert P. O'Brien, Paulina J. Taniewski, NILES, BARTON & WILMER, LLP, Baltimore, Maryland, for Appellee Wilson Yachts, LLC. Gregory R. Singer, LOCHNER LAW FIRM P.C., Annapolis, Maryland, for Appellee Steven Michael Coffman.

———————————

Unpublished opinions are not binding precedent in this circuit.

4

PER CURIAM:

This action stems from the drowning of Jerry S. Atsriku in the Rhode River, a navigable tributary of the Chesapeake Bay, on August 24, 2019, after jumping off a sailing vessel named Seven Day Weekend (the "Vessel"). Following Jerry's death, the owner of the Vessel, Wilson Yachts, LLC, initiated this litigation under 46 U.S.C. §§ 30501 *et seq.* seeking exoneration or limitation of its liability as to the tragic incident. In response, the Estate of the deceased Jerry Atsriku, his twin brother James S. Atsriku, and their parents Felicia Atsriku and Joseph Atsriku (collectively, the "Atsrikus") filed a third-party complaint (the "Complaint") seeking damages for Jerry's death. The Atsrikus alleged wrongful death claims under both maritime and Maryland law, and they named as third-party defendants not only Wilson Yachts, but also the charter broker, Sail Away, LLC, and the captain of the Vessel on the day of the incident, Steven Michael Coffman. Additionally, the Complaint alleged an individual claim by James Atsriku, who witnessed his twin brother's drowning, for negligent infliction of emotional distress under maritime law against Captain Coffman.

Wilson Yachts, Sail Away, and Captain Coffman moved in the district court for summary judgment pursuant to Federal Rule of Civil Procedure 56. In June 2022, the court granted the third-party defendants' summary judgment motions and (1) exonerated Wilson Yachts from liability on all claims; (2) entered judgment in favor of Sail Away on all claims; and (3) entered partial summary judgment in favor of Captain Coffman, dismissing both the Atsrikus' maritime wrongful death claim and brother James's negligent infliction of emotional distress claim. *See In re Wilson Yachts, LLC*, 605 F. Supp. 3d 695 (D. Md.

2022) (the "Summary Judgment Order"). What remained after the court's Summary Judgment Order was the Atsrikus' wrongful death claims under Maryland common law against Captain Coffman.

The Atsrikus then noticed these three separate interlocutory appeals which are consolidated here — each referencing the same Summary Judgment Order entered by the district court — asserting appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(3). One appeal, No. 22-1766, was filed on behalf of the Atsrikus, contesting the court's resolution of their claims against Sail Away; the second appeal, No. 22-1768, was filed on behalf of James Atsriku, challenging the court's resolution of his individual claim against Captain Coffman; and the third appeal, No. 22-1769, was filed on behalf of the Atsrikus, contesting the court's resolution of their claims against Wilson Yachts.[*]

Having assessed the various submissions of the parties and with the benefit of oral argument, we are satisfied that the district court did not err in its various awards of summary judgment. Indeed, we are satisfied to adopt the court's carefully crafted and well-

---

[*] During oral argument, this Court raised the question of our jurisdiction to consider these appeals at this time, as the issue was only fleetingly addressed in the parties' briefs. We thus requested counsel for both sides to submit supplemental briefing on the jurisdictional issue. Upon consideration of the supplemental briefing, we are content to accept the proposition that we possess jurisdiction to dispose of these appeals under 28 U.S.C. § 1292(a)(3), which provides for appellate jurisdiction from interlocutory orders "determining the rights and liabilities of the parties to admiralty cases." *See* 28 U.S.C. § 1292(a)(3); *see also In re Intercontinental Props. Mgmt.*, 604 F.2d 254, 258 n.2 (4th Cir. 1979); *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 F. App'x 716, 719 n.2 (4th Cir. 2011).

reasoned Summary Judgment Order addressing and disposing of the relevant issues.  We

therefore reject each of the appellate contentions of the Atsrikus and affirm.

*AFFIRMED*